UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| MEGHAN BRIGHT, as Curator of the ESTATE OF LEONARD FOOTE, and JEAN HOWARD, by and through her son GARY WEIR, as power of attorney, on their own behalf and all others similarly situated, <br><br>Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING INC.,<br><br>Defendant. | No.: 3:19-cv-00374<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

| | |
|---|---|
| GEORGE GUNZA, by and through his sister PEGGY FISHER, as power of attorney, on his own behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br>BROOKDALE SENIOR LIVING INC.,<br><br>Defendant. | No.: 3:19-cv-00374<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

**BROOKDALE SENIOR LIVING INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO STAY THE CONSOLIDATED PROCEEDINGS**

Brookdale Senior Living Inc. ("Brookdale"), by and through counsel, hereby submits its Memorandum of Law in Support of its Motion to Stay these Consolidated Proceedings. Prior to the consolidation of the claims of Plaintiffs Meghan Bright and George Gunza, Brookdale had requested that the Court stay this case [ECF No. 105] ("Motion to Stay Bright") until it ruled on Brookdale's Motion to Strike Plaintiff Bright's Class Allegations [ECF No. 103] ("Motion to Strike the Bright Class Allegations"). Brookdale had also moved to strike Mr. Gunza's class allegations [ECF No. 141] ("Motion to Strike the Gunza Class Allegations" and together with the Motion to Strike the Bright Class Allegations, the "Collective Motions to Strike"). Given that the claims of Ms. Bright and Mr. Gunza have now been consolidated [ECF No. 134], Brookdale respectfully requests that the Court stay the consolidated proceeding in its entirety—including as to the claims of Mr. Gunza and the putative North Carolina class—until such time as it rules on the Collective Motions to Strike. In support, Brookdale states as follows:

## BACKGROUND

This case was initially brought by Plaintiffs Meghan Bright, as curator for the Estate of Leonard Foote, and Gary Weir, as curator for the Estate of Jean Howard [ECF No. 1]. Ms. Bright brought claims on behalf of a putative Florida class and Mr. Weir brought claims on behalf of a putative North Carolina class. Brookdale moved to compel arbitration as to the claims of Mr. Weir [ECF No. 33], and the Court thereafter granted Brookdale's Motion to Compel on April 6, 2020 [ECF No. 97].

On April 24, 2020 (less than three weeks later), counsel for Ms. Bright filed a separate action in this District entitled *Gunza et al. v. Brookdale Senior Living Inc.*, Case No. 3:20-cv-00353, ECF No. 1 ("Gunza Complaint"). Mr. Gunza's complaint is virtually identical in nature to the complaint filed by Ms. Bright and Mr. Weir. *Compare* Gunza Complaint *with* ECF No. 1.

2

Indeed, just like Mr. Weir, Mr. Gunza seeks to bring claims on behalf of a putative North Carolina class. *See generally* Gunza Complaint. Although Mr. Gunza's counsel could have simply sought to substitute Mr. Gunza as a new named plaintiff in this case after the Court compelled Mr. Weir's claims to arbitration, for reasons unbeknownst to Brookdale, Mr. Gunza's counsel chose to file his claims as a separate action and then thereafter requested that his claims be consolidated with the claims in this action. While these events let to numerous unnecessary filings and procedural headaches for both Brookdale and the Court, Mr. Gunza's case was ultimately consolidated with this case [ECF No. 134].

Prior to the aforementioned consolidation, Brookdale had sought to stay these proceedings pending the Court's ruling on its Motion to Strike the Bright Class Allegations [ECF No. 105]. Brookdale had also moved to strike Mr. Gunza's class allegations [ECF No. 141].[1] Now that the cases have been consolidated, it makes abundant sense from both a procedural and substantive perspective to stay the consolidated proceedings in its entirety—including as to the claims of Mr. Gunza and the putative North Carolina class—until the Court rules on the Collective Motions to Strike.

## LEGAL STANDARD

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Dunaway v. Purdue Pharma L.P.*, 391 F.Supp.3d 802, 807 (M.D. Tenn. 2019) (quoting *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)). "The power to stay proceedings is incidental in the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an

---

[1] Brookdale's Motion to Strike the Gunza Class Allegations was originally filed in Case No. 3:20-cv-00353 before the cases were consolidated, but was re-filed on this docket following the consolidation.

3

Case 3:19-cv-00374   Document 151   Filed 08/19/20   Page 3 of 9 PageID #: 1924

order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

In determining whether a stay of proceedings is warranted, a court should use an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Esperson v. Trugreen Ltd. P'ship*, 2010 U.S. Dist. LEXIS 64637, at *4-5 (M.D. Tenn. June 29, 2010) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by the stay. *Id.* at *5

## ARGUMENT

### I. Plaintiffs Will Not Suffer Any Prejudice If a Stay Is Granted

As discussed in detail in Brookdale's Motion to Stay Bright, Ms. Bright will not be prejudiced if the Court stays the proceedings pending a ruling on Brookdale's Motion to Strike the Bright Class Allegations. The same is equally true of Mr. Gunza. In fact, like Mr. Bright, Mr. Gunza would be benefitted by such a stay. Brookdale's Collective Motions to Strike have a high likelihood of success on the merits. For instance, as detailed in those Motions, the overwhelming weight of authority holds that where—as here—the named plaintiff is not subject to an arbitration agreement but the proposed class members are subject to such an agreement, a class cannot be certified. In fact, that is precisely what another district court in this Circuit concluded when faced with a Brookdale resident who, just like Mr. Gunza and Ms. Bright, was not subject to a validly signed arbitration agreement. *See* ECF No. 137.1. The court reasoned that the plaintiff could not certify a class consisting of all residents of a Brookdale senior care facility because (just as here)

the admission agreement signed by the residents upon entry to the facility contains a binding arbitration clause. *See id.*

Mr. Gunza—like Ms. Bright—is currently asserting claims on behalf of thousands of residents of dozens of assisted living facilities. If the class allegations are stricken, there is no question that the scope and direction of this litigation will be fundamentally altered. Thus, staying the consolidated proceedings in its entirety until the Court has ruled on the Collective Motions to Strike will provide clarity to all parties on the scope and direction of this litigation. It will also allow both Plaintiffs to avoid wasting an inordinate amount of time and resources devoted to class discovery and litigation that may ultimately prove unnecessary. On the other hand, the residents that the Plaintiffs represent (Mr. Foote and Ms. Fisher) no longer reside at any Brookdale facility and so there is no urgent need to progress this litigation to avoid any future alleged harm to those individuals. As such, rather than resulting in any prejudice, it is clear that a stay will in fact avoid prejudice to both Plaintiffs.

## II.     Brookdale Will Suffer Significant Hardship If a Stay Is Not Granted

Brookdale will suffer significant undue hardship if the Court does not grant its request for a stay. Again, there is a high likelihood of success on the Collective Motions to Strike. Brookdale would be significantly prejudiced if it is forced to move forward with defending the class allegations and engaging in costly, burdensome and time-consuming class wide discovery that would prove unnecessary if the class allegations are stricken. Indeed, given the size and scope of the putative classes—which collectively includes thousands of residents at hundreds of facilities—the discovery needed to pursue and defend this litigation would be vastly limited if the class allegations are stricken.

Furthermore, Brookdale's affiliates and subsidiaries operate assisted living and other senior care facilities. Due to the nature of its business, Brookdale is currently devoting all available resources to protecting the health and safety of its residents in light of the ongoing COVID-19 pandemic. As the Court is aware, the elderly population—and particularly those who reside in senior care facilities—are highly susceptible to the effects of the pandemic. It would be highly prejudicial to Brookdale, and potentially detrimental to the very residents that Plaintiff seeks to represent, if Brookdale is required to divert much needed COVID-19 resources to attending to litigation and discovery that may very well prove to be entirely irrelevant and unnecessary. Indeed, the class discovery in this case is likely to include depositions of important personnel and the collection of records from on-site Brookdale facilities (where many records are located). Brookdale staff would thus be required to devote resources to potentially needless discovery in this case when those resources would otherwise be devoted to protecting residents from the pandemic. When the priority of the COVID-19 pandemic is coupled with the untenable nature of the class allegations at this juncture, it is particularly reasonable for the Court to stay the action pending a ruling on the Collective Motions to Strike.

**III.   A Stay Would Conserve Judicial Resources and Avoid Procedural Confusion**

Finally, judicial resources will also be saved if the consolidated proceeding is stayed in its entirety until the Collective Motions to Strike have been decided. If the parties are required to proceed with discovery, there is no question that the Court would need to address disputes that would be wholly irrelevant and unnecessary if the class allegations are stricken. In fact, there are a number of discovery disputes already pending that are directly predicated on the class allegations in this case. *See* ECF No. 53. Granting Brookdale's request for a stay will therefore prevent the

6

Case 3:19-cv-00374   Document 151   Filed 08/19/20   Page 6 of 9 PageID #: 1927

parties from engaging in potentially unnecessary motion practice and preserve the Court's valuable time and resources for other, more pressing matters.

Finally, it would make little sense to stay Ms. Bright's claims while allowing Mr. Gunza's claims to proceed. Much of the putative class discovery is overlapping and, therefore, if Mr. Gunza's claims are allowed to proceed, the Court will still be forced to address the same types of discovery disputes that relate to Ms. Bright's putative class claims. Thus, staying the entire consolidated proceedings would effectuate a much more effective and efficient use of judicial resources. Likewise, staying the entire consolidated proceedings would avoid having the two claims proceed on separate discovery and scheduling tracks, which could lead to significant procedural confusion and an even further waste of judicial resources.

## CONCLUSION

For the reasons stated herein, Brookdale respectfully requests that the Court enter an order staying the consolidated proceedings in its entirety until such time as the Court rules on Brookdale's Collective Motions to Strike.

Dated: August 19, 2020

Respectfully submitted:
**LEWIS THOMASON**

*s/ David A. Changas*
David A. Changas, BPR No. 20679
John R. Tarpley, 9661
424 Church Street, Suite 2500
P. O. Box 198615
Nashville, TN 37219-8615
Telephone: (615) 259-1366

**LASH & GOLDBERG LLP**

*s/ Erica W. Rutner*
Erica Rutner (Fla. Bar No. 0070510)
Jonathan E. Siegelaub (Fla. Bar No. 1019121)
erutner@lashgoldberg.com
100 Southeast 2nd Street, Suite 1200
Miami, FL 33131
Telephone: (305) 347-4040
Fax: (305) 347-4050

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of August 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Christa L. Collins, Esq.
    Collins Law PL
    433 Central Avenue, 4th Floor
    St. Petersburg, FL 33701

    J. Andrew Meyer, Esq.
    J. Andrew Meyer, PA
    7431 114th Avenue, Suite 104
    Largo, FL 33773

    Michael S. Kelley, Esq.
    Bank of America Center
    550 W. Main Street, 4th Floor
    Knoxville, TN 37901

    Elizabeth Aniskevich, Esq.
    M. Geron Gadd, Esq.
    Kelly Bagby, Esq.
    Ali Naini, Esq.
    A.A.R.P. Foundation Litigation
    601 E Street, NW
    Washington, DC 20049

    Stephen Gugenheim, Esq.
    Gugenheim Law
    118 St. Mary's Street
    Raleigh, NC 27605

    */s/ David A. Changas*