UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEGHAN BRIGHT, as Curator of the ESTATE OF LEONARD FOOTE, on their own behalf and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING INC.,<br><br>    Defendant. | Case No. 3:19-cv-00374<br><br>Consolidated with:<br>Case No. 3:20-cv-0353<br><br>District Judge Campbell<br>Magistrate Judge Holmes |
| GEORGE GUNZA, by and through his sister PEGGY FISHER, as power of attorney, on his own behalf and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING INC.,<br><br>    Defendant. | |

**MEMORANDUM IN SUPPORT OF BROOKDALE'S
MOTION FOR STAY PENDING REVIEW OF BROOKDALE'S MOTION
<u>FOR REVIEW OF THE NONDISPOSTIVE ORER OF THE MAGISTRATE JUDGE</u>**

## INTRODUCTION

Defendant Brookdale Senior Living Inc. ("Brookdale") respectfully moves to stay a very narrow portion of discovery subject to the February 14, 2022 Discovery Order [ECF No. 197] (the "Discovery Order). Brookdale has moved for review of the portion of the Discovery Order addressing the scope of discovery for the putative Florida class. *See* ECF No. 199-200 ("Motion for Review"). Brookdale's Motion for Review explains that this portion of the Discovery Order was premised on an inaccurate interpretation of the class settlement reached in the similar matter of *Runton et al. v. Brookdale Senior Living Inc*. ("*Runton*"). The scope of discovery at issue in the Motion for Review encompasses all discovery related to the putative Florida class from May 3, 2015 to March 23, 2020—the time period encompassed by the *Runton* settlement. Nevertheless, Brookdale now seeks to stay discovery only of the hard-copy documents located at the local communities in Florida pending a ruling on the Motion for Review.

A stay is reasonable and appropriate under the circumstances. The Discovery Order contains no deadline for production of the discovery at issue. There are no current discovery deadlines. And the parties have proposed deadlines that extend out more than a year from now. Brookdale has also agreed to produce voluminous amounts of other discovery while the Motion for Review is pending—including voluminous amounts of discovery encompassed in the Motion for Review. Indeed, Plaintiffs will have hundreds of thousands of documents to review and analyze during the pendency of the requested stay. As such, the requested stay will have little to no impact on the progression of this lawsuit and it will not impose any prejudice on Plaintiffs. Moreover, if the Motion for Review is granted without any stay, both Brookdale and the local communities will incur a considerable amount of unnecessary disruption and irreparable burden. A stay will avoid that potential outcome. Accordingly, Brookdale respectfully requests a narrow stay of discovery

1

pertaining to the hard copy documents housed at local communities in Florida pending a ruling on the Motion for Review.

## BACKGROUND

### I. The Underlying Dispute and Brookdale's Motion for Review

On November 19, 2021, the parties submitted a joint discovery dispute statement to this Court addressing a number of discovery issues on which the parties could not agree. *See* ECF No. 188. Amongst the issues in dispute was the scope of discovery for the putative Florida class period. Specifically, the parties disagreed as to whether Plaintiffs should be entitled to Florida-specific discovery from May 3, 2015 to March 23, 2020 (the "Disputed Time Period"). Brookdale had argued that discovery from the Disputed Time Period (the "Disputed Discovery") was irrelevant and unnecessary because all individuals who entered a community in Florida during that period are either members of the *Runton* Class[1] or are subject to an existing arbitration provision.

Following a discovery conference, the Magistrate Judge ruled that Plaintiffs should be permitted to take the Disputed Discovery. *See* Discovery Order at 5-6. The Magistrate Judge reasoned that, notwithstanding the *Runton* Settlement, there potentially could still be members of the putative Florida class from the Disputed Time Period, namely: (1) residents "who had a signed Residency Agreement but had 'crossed out' the arbitration provision"; and (2) residents with a "pre-March 23, 2020 Residency Agreement signed by an agent acting on behalf of a resident who

---

[1] Brookdale will not go into detail about the background of the *Runton* Settlement as the parties have already briefed and discussed that issue repeatedly. *See* ECF Nos. 199-200, 208. For purposes of this Motion, Brookdale simply reiterates that the "*Runton* Settlement" defines the "*Runton* Class" as including "[a]ll persons who entered a Brookdale assisted living facility ('ALF') in the State of Florida between April 4, 2013, and [March 23, 2020], …and for whom there does not exist a signed arbitration agreement applicable to the services provided to them at a Brookdale ALF." ECF No. 171 at 25.

2

in fact lacked authority to bind the resident to arbitration." *Id*. Because the Magistrate Judge interpreted the *Runton* Settlement as not disqualifying these individuals from the putative Florida class, it held that discovery from the Disputed Time Period was warranted. *Id*. However, the Discovery Order did not impose any deadlines for the production of that discovery. *See id*.

In light of the Court's underlying reasoning for allowing the Disputed Discovery, Brookdale filed a Motion for Review with the District Court. *See* ECF No. 199-200.[2] Brookdale explained in its Motion for Review that the Discovery Order misinterpreted the *Runton* Settlement because the *Runton* Class in fact includes the two categories of individuals whom the Magistrate Judge identified as being potential members of the putative Florida class in this case. Members of the *Runton* Class cannot be members of the putative Florida class in this case. Accordingly, by concluding that the two identified categories of individuals could be members of the putative Florida class here, the Discovery Order effectively determined that those same individuals are ***not*** members of the *Runton* Class. Because the identified individuals are in fact members of the *Runton* Class and cannot be members of the putative Florida class here, the Discovery Order erroneously determined that discovery intended to uncover the existence of such individuals was warranted. Brookdale's Motion for Review is currently pending with the District Court.[3]

## II. Brookdale's Proposal to Plaintiffs and this Court

In light of the Motion for Review, Brookdale initially proposed to Plaintiffs that the parties

---

[2] Brookdale would have filed a Motion for Reconsideration with the Magistrate Judge, but it did not want to waive its rights to seek review with the District Court or inundate the Court with duplicative filings.

[3] Brookdale also filed a Motion in the Alternative to Stay the decision on the Motion for Review in the event the District Court determines the *Runton* Court is more appropriately suited to interpret the scope of the *Runton* Settlement. ECF No. 208.

Case 3:19-cv-00374    Document 220    Filed 05/12/22    Page 4 of 13 PageID #: 3069

wait until after the District Court issues its ruling before Brookdale undergoes the burden and expense of producing the Disputed Discovery. Brookdale explained to Plaintiffs that its proposal was both fair and reasonable given that the Discovery Order has no current production deadline, there are no existing discovery deadlines, and both parties have requested discovery deadlines that extend out more than a year from today. *See* generally Discovery Order; *see also* ECF No. 217.1 at 5. Plaintiffs refused.

Subsequently, in an attempt reach agreement without Court intervention, Brookdale offered a compromise seeking to delay only the production of the hard-copy documents located at the local Florida communities (the "Community-Housed Documents"). Brookdale agreed that it would immediately begin collecting and producing all other responsive discovery from the Disputed Time Period so long as the discovery could be generated electronically by non-community personnel. This includes a wide variety of documents on a wide variety of issues, including all electronically maintained residency agreements, community census data, community assessment data, and community staffing data.

To be sure, collecting and producing this discovery is still incredibly time-consuming and will impose a considerable burden on Brookdale's personnel. *See* Declaration of T. Goodwin, attached as Ex. A ("Goodwin Decl."), ¶ 7. However, it will not require disrupting the local communities, their residents, and their staff. Nor will it require Brookdale's in-house attorneys to disrupt their lives and daily responsibilities for weeks on end. Thus, although the electronic discovery may ultimately be rendered unnecessary by the District Court's order on the Motion for Review, Brookdale has agreed in good faith to proceed with that discovery. This proposal is particularly reasonable and appropriate given that the Court already ordered Plaintiffs to share in the burden of producing the Community-Housed Documents. *See* Discovery Order at 8, 11.

4

Brookdale's proposal may therefore not only save Brookdale and the communities from an unnecessary discovery burden—it may also save Plaintiffs from that burden. Nevertheless, Plaintiffs still refused.[4]

Finally, in response to Plaintiffs' refusals, Brookdale proposed that it would immediately proceed with the collection of the Community-Housed Documents so long as Plaintiffs' counsel is willing to pay attorneys' fees involved in that collection. While attorneys' fees are an unnecessary expense relative to this particular discovery, if Plaintiffs are unwilling to wait for production of the documents, then they should also be willing to bear that expense. By involving Brookdale's outside counsel, additional attorneys affiliated with Brookdale can assist in the review and therefore minimize the associated disruption to both Brookdale's in-house attorneys and to the local communities. Again, Plaintiffs refused.

Given Plaintiffs' repeated refusals, Brookdale is now seeking a formal order from the Magistrate Judge permitting it to delay production of the Community-Housed Documents until the District Court issues a ruling on the Motion for Review. To be clear, Brookdale's request pertains only to a very narrow portion of the overall discovery. For instance, Brookdale has agreed to review over 300,000 documents to identify ESI that is responsive to Plaintiffs' Requests for Production. It has agreed to produce various staffing-related documents such as Service Alignment training materials and actual staffing data. It has agreed to produce various care related documents, such as documents relating to and explaining the assessment process and documents identifying

---

[4] Following submission of the parties' joint proposed Case Management Order, Plaintiffs indicated they were willing to wait for the Community-Housed Documents if Brookdale would agree to their April *2024* deadline for the motion for class certification. While Brookdale appreciates Plaintiffs' proposal, there is no reason why this narrow portion of discovery should require pushing out the class certification deadline by an additional 9 months beyond the deadlines Brookdale has already proposed.

5

community-wide acuity levels. And it has agreed to produce all electronically maintained residency agreements, including those from the Disputed Time Period. But given the extraordinary burden and disruption associated with collecting the Community-Housed Documents and the fact that Plaintiffs simply do not need that discovery at this early juncture, it is both reasonable and economical to stay this discrete category of discovery pending a ruling on the Motion for Review.

## LEGAL STANDARD

The district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Dunaway v. Purdue Pharma L.P.*, 391 F.Supp.3d 802, 807 (M.D. Tenn. 2019) (quoting *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)). "The power to stay proceedings is incidental in the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

In determining whether to grant a motion to stay while an appeal is pending, courts typically consider four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Nken v. Holder*, 556 U.S. 418, 434 (2018); *see also Commonwealth v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020). While this four-factor test is typically applied when an appeal is pending with the appellate court, it also "governs the analysis of a request for a stay pending an objection or appeal of a magistrate judge's order resolving a non-dispositive matter." *LEG Q LLC v. RSR Corp.*, 2017 WL 4222690 (N.D. Tex. Sept. 22, 2017). As set forth below, all

four factors weight in favor of the narrow stay that Brookdale has proposed.

## ARGUMENT

### I. Brookdale Is Likely to Succeed on the Merits of Its Appeal.

When a non-dispositive pre-trial discovery matter is ruled on by a magistrate judge and a timely objection to the ruling is made, the district court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Allison v. Staples the Off. Superstore E., Inc.*, 2015 WL 3849989, at *2 (W.D. Ky. June 22, 2015) (quoting Fed. R. Civ. P. 72(a)); L.R. 72.01. Under the "clearly erroneous" standard, the district court sustains an objection where "it 'is against the clear weight of the evidence' or where the court is of the 'definite and firm conviction a mistake has been made.'" *Dickerson v. Johnson*, 2016 WL 1028117, at *3 (M.D. Tenn. Mar. 15, 2016).

Brookdale respectfully asserts that the District Court is likely to find the Discovery Order to be clearly erroneous as it pertains to the Disputed Discovery. The *Runton* Settlement bars the staffing-related claims of all residents who entered an affiliated community in Florida between April 4, 2013 and March 23, 2020 and "***for whom there does not exist a signed arbitration agreement.***" See ECF No. 171 at 25. As set forth in detail in the Motion for Review, the two categories of individuals identified in the Discovery Order constitute individuals "for whom there does not exist a signed arbitration agreement." ECF No. 220 at 6. In other words, they constitute members of the *Runton* Class. Because members of the *Runton* Class are excluded from the putative Florida class,[5] these two categories of individuals necessarily cannot be members of that putative class. And because those individuals cannot be members of the putative class, there is no need for Plaintiffs to take discovery to uncover the existence and identity of such individuals.

---

[5] Plaintiffs have made clear that they intend to exclude from the putative Florida class all members of the *Runton* Class. *See, e.g.,* ECF No. 107 at ¶ 3.

7

To demonstrate the underlying error with the interpretation set forth in the Discovery Order, the Court need not look any further than Gloria Runton herself. Ms. Runton had a residency agreement with a crossed-out arbitration provision. For that precise reason, she constituted a member of the *Runton* Class. Yet, in determining that individuals with crossed out arbitration provisions could be members of the putative Florida class here, the Magistrate Judge's interpretation would effectively exclude Gloria Runton from the *Runton* Class. Such an outcome cannot be squared with the fact that the *Runton* Court found Ms. Runton to be a typical and adequate class representative of the *Runton* Class. *See* ECF No. 209.3. Plaintiffs certainly do not need discovery to uncover the existence of Ms. Runton and others like her, whose claims are already barred by the *Runton* Settlement and who cannot be members of the putative class in this case. As this example demonstrates, the Discovery Order was predicated on an erroneous understanding of the *Runton* Class definition. In light of that error, it is likely that the District Court will overturn the portion of the Discovery Order addressing the Disputed Discovery.

But even if this Court determines that Brookdale is not likely to prevail, it should still stay the discovery because declining to do so would effectively deprive Brookdale of its rights under Federal Rule 72(a) and Local Rule 72.01. As the court in *Alvarez v. Larose,* aptly articulated, declining to stay discovery pending a ruling on a Rule 72(a) Motion "would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether." 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020); *see also LEG Q LLC*, 2017 WL 4222690, at *1 (granting stay because not doing so would "effectively nullify the District Judge's power to review the [Magistrate's] Order"). Therefore, this Court should still grant the requested stay regardless of how it views the likely success of the Motion for Review.

II.     **Brookdale Will Suffer Irreparable Harm Absent a Stay.**

Brookdale will suffer irreparable harm in the absence of a stay. As discussed above, the burden and costs of collecting the Community-Housed Documents are considerable. Amongst the costs involved are air travel, hotels, rental cars, meals and other incidentals. Brookdale estimates that the Florida review will take at least 4 weeks to complete—meaning these costs will be ongoing for at least that much time. More importantly, that means Brookdale's in-house attorneys will have to put aside their daily responsibilities for at least that much time. Moreover, even though the disruption will be lessened by having Brookdale's attorneys conduct the review (as opposed to Plaintiffs' attorneys), their presence in the community and their need to sift through thousands of files for an extended period will inevitably be disruptive to the staff at the communities. Notably, most of the Community-Housed Discovery pertains to the Disputed Time Period because the large majority of residency agreements and related documentation were uploaded electronically beginning in 2019. Thus, as it pertains to the post-*Runton* time period, the number of hard-copy files requiring review will be marginal.

If the requested stay is not granted but the Motion for Review ultimately renders the Community-Housed Discovery irrelevant, Brookdale will have already spent countless unnecessary hours and potentially tens of thousands of dollars in unnecessary costs to produce the discovery. The communities will also have already incurred the burden and disruption associated with Brookdale's collection. Brookdale will have no way to undo that burden and disruption. Given the irreparable harm that could otherwise occur, this factor weighs heavily in favor of a stay. *See Carlson v. Lunsford*, 2006 WL 2469372, at *1 (W.D. Tenn. Aug. 24, 2006) (finding that staying discovery was warranted so that there would be no "unnecessary expenditure of resources by Brookdales who otherwise would not be subject to liability"); *Cross v. Metro. Gov't of Nashville & Davidson Cty.*, 2013 WL 1752535 (M.D. Tenn. Apr. 23, 2013) (similar).

### III. Plaintiffs Will Not Suffer Any Irreparable Injury If the Stay Is Granted.

Plaintiffs will not be prejudiced by the narrow stay that Brookdale has proposed. There are no discovery deadlines in place. Moreover, the parties have both requested deadlines that extend out more than a year. *See* ECF No. 217.1 at 5. While the anticipated timeline for producing the Community-Housed Documents will be disruptive to Brookdale and the communities, it will have little to no impact on the overall schedule.

Equally as important, Brookdale has agreed to produce voluminous discovery outside of the scope of this narrow request. Thus, Plaintiffs will have abundant discovery to review and analyze while the Motion for Review is pending. In fact, rather than prejudice Plaintiffs, a stay will only benefit them. As noted, they have already been ordered to share in the burden of the Community-Housed Discovery. Brookdale has since requested that the Court require them to incur the costs of producing the Community-Housed Discovery. If the disputed discovery is ultimately deemed unnecessary, Plaintiffs will save on the costs and resources associated with the collection and review of that discovery. Thus, this factor also weighs in favor of a stay.

### IV. The Public Interest Will Not Be Harmed If the Stay Is Granted.

The public interest will not be harmed if the stay is granted. To the contrary, the public interest heavily favors the requested stay. First, the stay could avoid unnecessary disruption to the communities and its elderly residents. Second, the stay could serve to preclude unnecessary access to a considerable number of residents' private medical information. Indeed, if the discovery is produced but the Motion for Review is granted, Plaintiffs and their counsel will have had unnecessary access to information about potentially hundreds of residents and employees at the communities. *Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 2309972, at *1 (C.D. Cal. May 10, 2021) (granting stay pending Rule 72(a) objection to order compelling production of the

names, address, and phones of punitive class members, because, in part, the public interest favored limiting the unnecessary sharing and use of a significant number of individuals' private information). Thus, this factor also weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, Brookdale respectfully requests that the Court stay the portion of the Discovery Order pertaining to the Community-Housed Documents located in Florida until after a ruling on the Motion for Review.

Dated: May 12, 2022

Respectfully submitted:

LEWIS THOMASON, PC
/s/ David A. Changas
David A. Changas, BPR #20679
dchangas@lewisthomason.com
424 Church Street, Suite 2500
Nashville, TN 37219-8615
Telephone: (615) 259-1366

MOORE & LEE, LLP
/s/ Erica W. Rutner
Erica Rutner (FL #0070510)
John A. Bertino (VB #93393)
e.rutner@moorelandlee.com
j.bertino@moorelandlee.com
110 SE 6th Street, Suite 1980
Ft. Lauderdale, FL 33301
Telephone: (703) 940-3763

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*/s/ Erica Rutner*
**Erica Rutner**
