IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEGHAN BRIGHT, ET AL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:19-cv-00374 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| BROOKDALE SENIOR LIVING, INC., ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Conditionally File Under Seal (Doc. No. 310). Defendant Brookdale Senior Living, Inc. ("Brookdale") filed a response in support of sealing the documents (Doc. No. 328), and Plaintiffs filed a reply (Doc. No. 351).[1] For the reasons stated herein, the motion is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

Plaintiffs bring this lawsuit against Brookdale for alleged breach of contract and unfair trade practices related to Brookdale's residential services. (Doc. No. 1). On August 14, 2023, Plaintiffs filed a Motion for Class Certification. (Doc. No. 309 at 2). On that same date, Plaintiffs filed the pending Motion for Leave to Conditionally File Under Seal. (Doc. No. 310). Specifically, Plaintiffs seek leave to seal the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification ("Class Certification Memo") (Doc. No. 311); the *Declaration of Stephen Cruzado* ("Cruzado Declaration") (Doc. No. 312); and certain supporting exhibits. Plaintiffs explain that the Class Certification Memo, Cruzado Declaration, and supporting exhibits contain or directly cite documents Brookdale produced in discovery and designated confidential, as well as deposition

---

[1] The Court is aware that the parties have filed additional motions to seal. (Doc. Nos. 315, 338, 347, 353, 361, 363, 386). The Court will address those motions by separate Order.

testimony that Brookdale designated confidential. Plaintiffs argue that they do not believe grounds exist to seal the documents in their entirety. Nonetheless, Plaintiffs request that the Court conditionally seal the documents because Brookdale has the burden of demonstrating "compelling reasons to seal the documents and that sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." (Doc. No. 310 at 2-3) (internal citation omitted).

In response, Brookdale argues that the documents should be sealed because they contain (1) personally identifying information regarding individuals; (2) confidential and proprietary information regarding Brookdale's Service Alignment Software operating system, and (3) confidential information regarding Brookdale's internal resources, systems, and processes. (Doc. No. 328 at 6). The Court will address each of these arguments in turn.

## II. STANDARD OF REVIEW

A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016). The burden is on the party designating the material as confidential. *Id.* In determining whether sealing is appropriate, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473-74 (6th Cir. 1983). Typically, in civil litigation, "'only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)'" are enough to overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308. (citation omitted). "The fact that a document will reveal 'competitively-sensitive financial

2

and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that disclosure will work a clearly defined and serious injury.'" *Kondash v. Kia Motors America, Inc.*, 767 F. App'x. 635, 639 (6th Cir. 2019) (quoting *Shane Grp.*, 825 F.3d at 307). "[I]n delineating the injury to be prevented, specificity is essential." *Shane Grp.*, 825 F.3d at 308 (citation omitted). In ruling on a motion to seal, "the court must set forth its specific findings and conclusions 'which justify nondisclosure to the public.'" *Kondash*, F. App'x. at 637-38 (quoting Shane Grp., 825 F.3d at 306).

### III. ANALYSIS

**A. Documents Revealing Personally Identifiable Information**

The parties agree that it is necessary to seal documents revealing personally identifying information related to residents and their family members or other representatives and employees of entities affiliated with Brookdale. Specifically, the parties agree that the following documents should be sealed: Plaintiffs' Exhibit Nos. 15 (Doc. No. 312-15); 24 (Doc. No. 312-24); 30 (Doc. No. 312-30); 33 (Doc. No. 312-33); 35 (Doc. No. 312-35); 38 (Doc. No. 312-38); 43 (Doc. No. 312-43); 45 (Doc. No. 312-45); 47 (Doc. No. 312-47); 48 (Doc. No. 312-48); 50 (Doc. No. 312-50); 51 (Doc. No. 312-51); 53-55 (Doc. Nos. 312-53 – 312-55); 57-67 (Doc. Nos. 312-57 – 312-67); 70 (Doc. No. 312-70); 71 (Doc. No. 312-71); 93-95 (Doc. Nos. 312-93 – 312-96); and the portion of the Class Certification Memo that includes the name of a resident family member.

The Court finds that the above cited documents contain personally identifying information and it is appropriate to seal them. *See United States v. Anderson*, No. 21-3073, 2022 U.S. App. LEXIS 2481, at *1-2 (6th Cir. Jan. 26, 2022) (internal citation omitted) (finding "[t]hese documents are replete with confidential information, including individually identifiable health information…The requested seal is therefore justified.").

Plaintiffs also contend Brookdale seeks to seal Plaintiffs' Exhibit Nos.: 76 (Doc. No. 312-76); 81 (Doc. No. 312-81); 84 (Doc. No. 312-84); and 85 (Doc. No. 312-85) in their entirety rather than redacting the personally identifying information in a narrowly tailored way. (Doc. No. 351 at 3). The Court finds that sealing portions of the above documents that contain personally identifiable information is appropriate. However, Exhibit Nos. 76 (Doc. No. 312-76); 81 (Doc. No. 312-81); 84 (Doc. No. 312-84); and 85 (Doc. No. 312-85) also contain non-private information for which sealing is not justified. Accordingly, sealing these documents in their entirety is not warranted. Within two weeks of this order, Plaintiffs must file a redacted version of these documents redacting *only* personally identifiable information.

**B. Documents Related to the Service Alignment Software and Business Operations**

Brookdale also seeks to seal documents related to the Service Alignment Software and Brookdale's business operations. Brookdale argues that "[t]he Service Alignment Software, explanatory materials regarding the software system, and comparable information contained in internal communications… are not publicly available or disseminated because that would result in a windfall to Brookdale's competitors and would cause Brookdale irreparable harm." (Doc. No. 328 at 13). Brookdale also argues that "certain of the materials reflect proprietary resource documents that Brookdale and its affiliates developed at their own expense for purposes of providing internal guidance and resources to Brookdale-affiliated assisted living communities" and "certain of the materials reflect specific operational support and guidance provided to Brookdale-affiliated assisted living communities." (*Id.*)

In response, Plaintiffs argue that the information relating to Brookdale's use of the Service Alignment Software is not a trade secret because "Brookdale touts the use of the SAS in public documents" and the documents Brookdale seeks to seal "merely discuss generally that the software is used by Brookdale, and how corporate management depend on the software to control the

4

Case 3:19-cv-00374    Document 405    Filed 03/29/24    Page 4 of 7 PageID #: 24686

communities." (*Id.* at 4). Plaintiffs also contend that while they have sought access to the Service Alignment Software's algorithm and time assumptions, Brookdale has not disclosed this information, and "[w]ith the software and the assumptions embedded in its algorithm already protected from public view, documents that merely reference the existence or generally describe the software and its role in Brookdale's day to day operations cannot harm Brookdale." (*Id.* at 5). Plaintiffs further argue that "[g]iven the contentions in this litigation, the public has an interest in understanding generally how Brookdale uses the software to set its staffing levels" and "Brookdale does not treat all information about SAS or its business operations as a secret by posting videos and slides about SAS on its website. Brookdale's corporate designee…provided an online training that is available to anyone describing how Brookdale uses the SAS for clinical staff." (*Id.* at 5).

> The Federal Defend Trade Secrets Act ("DTSA") defines "trade secrets" as follows:
>
> (3) the term 'trade secret' means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

18 U.S.C. § 1839(3). Importantly, the DTSA requires that a trade secret "derive[] independent economic value" by virtue of not being known or ascertainable by another party who may obtain economic value from its use or disclosure. 18 U.S.C. § 1839(3)(B). Brookdale's argument on this point is that "if a competitor were to obtain this information, it would cause competitive injury to Brookdale and its affiliates… For instance, a competitor could use the information to inform its

5

own operations and it could even duplicate the internal resources and guidelines created at the expense of Brookdale and its affiliates" and "public disclosure of the information would cause substantial competitive harm" because competitors "could use the information to inform its own management and operations. As such, disclosure of the information would wrongly allow competitors to benefit from the significant business investments that Brookdale and its affiliates have made in order to provide the operational support and guidance that is reflected in these documents." (Doc. No. 328 at 17). Similarly, Brookdale argues that documents reflecting internal incentive plans, residency agreement systems, and community bank account arrangements, if disclosed, "would provide competitors in the market with a strategic advantage in ascertaining the internal systems and processed used by Brookdale and its affiliates." (*Id.*).

The foregoing arguments that Brookdale will suffer a competitive disadvantage are highly speculative, and the Court is unpersuaded that the information related to the Service Alignment Software or Brookdale's business operations are trade secrets.

Even if a party fails to establish that their document is a trade secret, the Court may still find compelling reasons to place it under seal. *Kondash*, 767 F. App'x. at 638. However, the burden is on the moving party to show a "clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307. "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that disclosure will work a clearly defined and serious injury.'" *Kondash v. Kia Motors America, Inc.*, 767 F. App'x. 635, 639 (6th Cir. 2019) (quoting *Shane Grp.*, 825 F.3d at 307). Brookdale's bare assertions that sharing this information may place it at a competitive disadvantage fail to meet the standard, and Brookdale has failed to establish that such a defined and serious injury will result from disclosure of information related to the Service Alignment Software or Brookdale's business operations. Additionally, as Plaintiffs point out, Brookdale's use

6

of its Service Alignment Software and business operations are central to the claims asserted in this case, and the public has a presumptive right of access to inspect judicial material. Brookdale's interest in privacy does not outweigh the public interest in these documents. Accordingly, the Court finds no compelling reason to keep such information under seal.

**C. Class Certification Memo**

Brookdale also seeks to seal portions of the Class Certification Memo regarding information related to Brookdale's training materials, complaints related to alleged understaffing, the Service Alignment Software, and labor benchmarks. As discussed above, the Court agrees that the portion of the Class Certification Memo including the name and other personally identifiable information of a resident family member should be sealed. However, the Court finds that Brookdale has failed to establish any compelling reason to seal other portions of the Class Certification Memo. Accordingly, within two weeks of this Order, Plaintiffs are ordered to file a redacted version of the Class Certification Memo redacting *only* the personally identifiable information of the resident family member.

### IV.   CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Leave to Conditionally File Under Seal (Doc. No. 310) is **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE